**Virgil E. "Ted" LONG, et al., Plaintiffs–Appellants,**

v.

**The BLOUNT COUNTY ELECTION COMMISSION, et al., Defendants–Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Feb. 25, 1993.

Permission to Appeal Denied by Supreme Court June 1, 1993.

David L. Buuck, Claiborne, Davis, Buuck & Hurley, Knoxville, for plaintiffs-appellants.

Charles W. Burson, Atty. Gen. and Reporter, John Knox Walkup, Sol. Gen. and Andy D. Bennett, Acting Chief Deputy Atty. Gen., Nashville, for defendants-appellees.

*OPINION*

FRANKS, Judge.

Plaintiffs, twelve former constables of Blount County, appeal the Chancellor's judgment that a 1991 amendment to Tennessee Code Annotated § 8–10–101 which abolished the office of constable in counties with a population of not more than 77,800 or less than 77,700 people, i.e., as in Blount County, was constitutional.

Plaintiffs have appealed insisting that the amendment which singled out Blount County violates Article XI § 8 of the Tennessee Constitution, which reads:

"The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunities [immunities] or exemptions other than such as may be, by the same law extended to any member of the community, who may be able to bring himself within the provisions of such law. No corporation shall be created or its powers increased or diminished by special laws but the General Assembly shall provide by general laws for the organization of all corporations, hereafter created, which laws may, at any time, be altered or repealed and no such alteration or repeal shall interfere with or divest rights which have become vested."

There is no general mandatory law or uniform state policy that the challenged amendment contravenes. In *Rector v. Griffith*, 563 S.W.2d 899 (Tenn.1978), a 1977 statute altered the number and mode of the selection of the utility district's board of commissioners. Incumbents whose status was threatened challenged under the same section of the Constitution, and the Supreme Court, upon reviewing the statute, determined that it authorized many different methods for selecting commissioners. The General Assembly had autho-

rized these differences to accommodate local needs. 563 S.W.2d at 902. The Court concluded there was no general state law to mandate how utility commissioners were to be selected and the enactment was therefore within the power of the Legislature and did not offend this section of the state's Constitution.

Recently, in *Civil Service Merit Board v. Burson*, 816 S.W.2d 725 (Tenn.1991), members of Knoxville's Civil Service Board challenged the enactment of Tennessee Code Annotated § 6–54–114, which threatened their tenure by changing qualifications and procedures for nominating board members. The Court observed that the article of the state Constitution relied on in this case did not prohibit distinctions in the law based upon classifications, so long as the classification was not capricious, unreasonable or arbitrary. 816 S.W.2d at 730. The Court said it did not reach the "reasonableness" analysis under Article XI, Section 8, because that provision only applies when the challenged statute contravenes some general law which has a mandatory statewide application. *Id.* The general law of statewide application must be a statute. Hence, because plaintiffs alleged unconstitutionality without directing the Court to any statute whose provisions were violated by § 6–54–114, the "reasonableness" analysis under that section was inappropriate. *Id.*

Our review of the pleadings and of § 8–10–101(i) reveal that this case is controlled by *Burson* and *Rector*. Plaintiffs allege only that the amendment is unconstitutional without pointing to a statute which has been violated by the amendment's terms. The argument that the amendment applies solely to Blount County is not entirely accurate, for other counties may subsequently fall within the population limits of the amendment. Moreover, as in *Rector*, the statute as a whole is a "crazy quilt of differing provisions" on the existence and tenure of constables throughout Tennessee. There is no general "rule", only exceptions applying to various counties.

Accordingly, for the foregoing reasons, we affirm the judgment of the Trial Court and remand at appellants' cost.

SANDERS, P.J. (E.S.), and McMURRAY, J., concur.